## KANSAS WHEAT GROWERS' ASS'N v. MOTTER, Collector of Internal Revenue.

## KANSAS CO-OP. WHEAT MARKETING ASS'N v. SAME.

(District Court, D. Kansas, Second Division.  July 15, 1926.)

Nos. 886, 887.

**Internal revenue** ⬤�longdash⟩19(1).

Certificates of membership in nonprofit co-operative wheat growers or marketing association, being without monetary value, *held* not subject to stamp tax, under schedule A (2) of Revenue Acts of 1921 and 1924 (Comp. St. § 6318p).

At Law.  Two actions, one by the Kansas Wheat Growers' Association, the other by the Kansas Co-operative Wheat Marketing Association, both against H. H. Motter, Collector of Internal Revenue.  Judgments for plaintiffs.

Noftzger & Cox, of Wichita, Kan., for plaintiffs.

Al F. Williams, U. S. Atty., of Topeka, Kan., and A. W. Gregg, Solicitor of Internal Revenue and L. H. Baylies, Asst. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

POLLOCK, District Judge.  The above cases are actions at law, brought to recover sums of money paid by plaintiffs to defendant imposed upon them under the provisions of schedule A (2) of the Revenue Acts of 1921 and 1924 as a stamp tax on the certificates of membership in said association.

This provision of the taxing laws reads, as follows:

"Capital stock, issued: On each original issue, whether on organization or reorganization, of certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, on each $100 of face value or fraction thereof, 5 cents." Comp. St. § 6318p.

The question presented is: Are the plaintiff associations, as organized under the laws of this state, liable to pay the stamp tax ordained in the above act on the certificates issued to members for the purpose of designating the membership? An analysis of the act seems to indicate the amount of the tax imposed is intended to correspond with the value of the interest held by the individual shareholder in the property of the incorporated company or association. Again, the tax is imposed upon (a) corporate stock issued on original incorporation or on a reorganization of the corporation; or (b) on certificates of stock or property, or of interest in property or accumulations of property, by a corporation.

It is the contention of plaintiffs the certificates by them issued have no monetary value, but are mere evidence of membership in the association, showing merely those who are entitled to participate in its affairs. Before any member has anything of monetary value in the hands of the association, he must not alone have become a member, as shown by certificate of membership, but must further have delivered wheat to the association; that two or a dozen certificates of membership in the association are of no more actual worth or value than is one. In this view of the matter many excerpts from the act under which plaintiffs are associated together are quoted and relied upon by counsel for plaintiffs.

I have examined and read the act, and while I found no adjudicated case in point, yet in the case of Kansas Wheat Growers' Association v. Schulte, 113 Kan. 672, 216 P. 311, and in State v. Sessions, 95 Kan. 272, 147 P. 789, the statute under which plaintiffs herein became associated was by the Supreme Court of the state construed, and it was there held the associations are nonprofit organizations. Then, as the certificates of membership have no monetary value, how it may be contended they are certificates of profits in the association, or are certificates of an interest of property of the association, or are certificates of an interest in accumulations of the association, it is difficult to comprehend, more than is a certificate of membership in a church, which owns a house for public worship.

Taking the entire act under which plaintiffs are associated together, as construed by the Supreme Court of this state, and the language of the act under which the taxes were laid against plaintiffs in this case, I fail to find any justification for the taxes imposed and collected from plaintiffs.

Therefore judgments must go for the plaintiffs for the recovery of the taxes imposed upon them and collected without lawful right.